UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FREDRICK WILSON  (#119963)

VERSUS

EAST BATON ROUGE PARISH PRISON, ET AL

CIVIL ACTION

NUMBER 09-73-RET-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 25, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


FREDRICK WILSON  (#119963)

VERSUS                                                                   CIVIL ACTION

EAST BATON ROUGE PARISH PRISON, ET AL           NUMBER 09-73-RET-DLD

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate currently confined at Forcht Wade Correctional Center, Keithville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish Prison and Warden Grimes.  Plaintiff alleged that while confined at the parish prison on May 13, 2008, he was injured during a slip in fall in the prison restroom.

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983, however, the allegations of the complaint do not suggest any basis for federal question jurisdiction.  28 U.S.C. §§ 1331 and 1334.

Additionally, this court lacks diversity jurisdiction.  District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states. 28 U.S.C. § 1332.  For purposes of subject matter jurisdiction, the court generally looks to the complaint itself to determine what amount is in controversy.  *Horton v. Liberty Mutual Insurance Company*, 367 U.S. 348, 81 S.Ct. 1570, *rehearing denied*, 368 U.S. 870, 82 S.Ct. 24(1961).

It is clear from a review of the complaint that the parties lack diversity and that the

plaintiff has failed to meet the requisite jurisdictional amount required by 28 U.S.C. § 1332.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on February 25, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**